## EX PARTE LEBRÓN.

### APPEAL from the District Court of Guayama.

No. 265.—Decided October 17, 1910.

APPEAL—HABEAS CORPUS.—The writ of *habeas corpus* cannot serve the purpose of an appeal.

FALSE REPRESENTATION—COMPLAINT.—A complaint charging the defendant with having represented himself to be a marshal and obtained $3 from the prosecuting witness by offering to quiet a prosecution against the latter, is sufficient to charge him with the crime of false representation.

WARRANT OF ARREST.—A warrant of arrest which complies with the formalities required by section 327 of the Code of Criminal Procedure and delivered to the officer who is to have the custody of the prisoner, is sufficient to justify the latter's imprisonment.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal in a *habeas corpus* proceeding. The appellant did not appear at the hearing and filed no brief.

The grounds of the application for the writ were substantially twofold.

It is urged that the complaint did not charge facts sufficient to constitute a crime. A writ of *habeas corpus* cannot serve the purposes of an appeal, and the offense of false representation was amply shown in the complaint, inasmuch as the appellant was charged with having represented himself to be a marshal and obtained $3 from the prosecuting witness by offering to quiet a prosecution against the latter.

The ground is that the warrant of arrest was not in proper form. It was signed by the subsecretary of the District Court of Guayama, to which the original case was appealed, and contained a recital of the offense and the sentence of the court and was directed to the official who was to execute the sentence, and the warrant was in fact delivered to the *alcaide* of the jail of the district. The provisions of section 327 of the Code of Criminal Procedure were followed. We find no merit in the appeal and the judgment of the district court must be affirmed and the prisoner, who was released under bail, returned to the custody of the *alcaide* of the district jail of Guayama.

*Affirmed.*

Justices MacLeary and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.